UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| FLENNARD SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-64-CDP |
| | ) | |
| JASON LEWIS, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me upon petitioner's response to my April 2, 2018 Order directing him to show cause why his petition should not be dismissed. Having reviewed and carefully considered petitioner's response, I conclude that the petition must be dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

**Background**

In the instant petition, petitioner avers he is challenging a 2001 state court judgment entered in the case of *State v. Smith*, Case No. 16CR-00002766-01 (16th Jud. Cir. Apr. 18, 2001). (Docket No. 1 at 1). As set forth in detail in my April 2, 2018 Order, petitioner filed the instant petition after the expiration of the limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and he was directed to show cause why the petition should not be dismissed as untimely.

In response, petitioner contends that he is "[r]equesting this Court to inquire into the case of his illegal confinement and restraint by respondent pursuant to refusal to acknowledge the Department of Correction policy/standard procedure that simply states any offender in the DOC who is 76 years of age with 40% of sentence served is immediately eligible for release." (Docket

No. 5 at 2). He states that although he meets the criteria of the Department of Correction's policy, the respondent "refuses to release" him. *Id.* at 2. He further contends that he did not file this action earlier because he only recently became eligible for release under this policy.

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a federal habeas petition to be filed within one year after the petitioner's state conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). Section 2244(d) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *see also Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). There are two tests for determining when equitable tolling is appropriate: (1) if petitioner was diligently pursuing his rights and "extraordinary circumstances" beyond his control stood in his way and prevented timely filing, *Holland*, 560 U.S. at 649, or (2) if the government's conduct "lulled" the petitioner into inaction through reliance on that conduct. *U.S. v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006). Equitable tolling is "an exceedingly narrow window of relief." *Jihad*, 267 F.3d at 805.

In this case, petitioner's averments do not establish grounds for equitably tolling the period in which he could file a § 2254 petition challenging his 2001 convictions and sentences. Therefore, to the extent petitioner can be understood to challenge those 2001 convictions and sentences, the petition is untimely and subject to dismissal as such.

Petitioner can also be understood to claim entitlement to habeas relief because the respondent refused to acknowledge a Missouri Department of Corrections policy or procedure permitting release under certain circumstances. However, this Court lacks jurisdiction to grant

habeas relief on this basis. To obtain federal habeas relief, petitioner must demonstrate that he was deprived of a right secured by the Constitution, laws, or treaties of the United States. *See Crump v. Caspari,* 116 F.3d 326, 327 (8th Cir. 1997). Violation of a state law, or of a policy of a state agency such as the Missouri Department of Corrections, does not meet this definition. *See Bagley v. Rogerson*, 5 F.3d 325, 328 (8th Cir. 1993) ("violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983."). The same would be true if petitioner had claimed violation of Missouri's parole statutes, *see Marshall v. Mitchell*, 57 F.3d 671, 672 (8th Cir. 1995) (Missouri's parole statutes do not create a liberty interest protected by the due process clause of the Fourteenth Amendment), and petitioner's unsupported statement that his present confinement violates federal law does not confer jurisdiction over his petition. *See Johnson v. Rosemeyer,* 117 F.3d 104, 110 (3rd Cir. 1997) ("Errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause."). Finally, even if petitioner had claimed violation of a federally-protected right, he has not alleged, nor is it apparent, that he presented the constitutional dimensions of his claim to the state courts, or that he has no presently available state remedies to pursue. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (a petitioner must exhaust his state law remedies before the federal court can grant relief on the merits of his claims in a habeas petition).

I have considered whether to issue a certificate of appealability. To do so, I must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16

F.3d 878, 882–83 (8th Cir. 1994)). Petitioner herein has made no such showing, and I therefore decline to issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Flennard Smith's petition for writ of habeas corpus is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 8th day of May, 2018.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE